CV 21 - 6425

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

DeARCY HALL, J.

Vincent Shider

BLOOM, M.J.

**Complaint for Employment Discrimination**

Case No. _EEOC # 520-2020-0522_

*(to be filled in by the Clerk's Office)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial:   ☒ Yes   ☐ No
*(check one)*

-against-

Allied Universal Security Co

RECEIVED
NOV 15 2021
PRO SE OFFICE

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name — Vincent Shider

Street Address — 274 Dean St #2

City and County — BKlyn N.Y. 11217 Kings

State and Zip Code — N.Y. 11217

Telephone Number — 718-825-6977

E-mail Address — ScottShider@AOL.Com

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

Name — Allied Universal Security Co.

Job or Title (if known) — Attorney- Qurda N. Caldwell Legal Service Group

Street Address — 161 Washington Street- Ste 600

City and County — Conshohocken, PA

State and Zip Code — 19428

Telephone Number —

E-mail Address (if known) —

Defendant No. 2

Name —

Job or Title (if known) —

Street Address —

City and County —

State and Zip Code  _____

Telephone Number  _____

E-mail Address  _____
(if known)

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s)
is:

Name  *HRA - Food Stamp Building*

Street Address  *2865 West 8th St.*

City and County  *Bklyn N.Y.*

State and Zip Code  *N.Y 11224*

Telephone Number  _____

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

3

☐    Other federal law *(specify the federal law)*:

_____

☐    Relevant state law *(specify, if known)*:

_____

☐    Relevant city or county law *(specify, if known)*:

_____

## III.  Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.
☒    Termination of my employment.
☐    Failure to promote me.
☒    Failure to accommodate my disability.
☐    Unequal terms and conditions of my employment.
☐    Retaliation.
☐    Other acts *(specify)*:  _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

June 30, 2020 from Allied Universal Stafing I seperated myself from the Company (Allied Univers

C.   I believe that defendant(s) *(check one)*:

☐  is/are still committing these acts against me.

☒  is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐  race _____

☐  color_____

☐  gender/sex _____

☐  religion _____

☐  national origin _____

☐  age.  My year of birth is _____.  *(Give your year of birth only if you are asserting a claim of age discrimination.)*

☒  disability or perceived disability *(specify disability)*
See medical documents, Exhibit A, B, D

E.   The facts of my case are as follows.  Attach additional pages if needed.

See Vincent Shider's Rebuttal
under conclusion. See my request letter
dated August 17, 2020 sent to Allied Universals
Leave of Absence Department
asking Clarification of Allied's statement
"I separated myself from the company."
No clarification was ever received
See Exhibit E

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV.    **Exhaustion of Federal Administrative Remedies**

A.    It is my best recollection that I filed a charge with the Equal Employment
Opportunity Commission or my Equal Employment Opportunity counselor
regarding the defendant's alleged discriminatory conduct on *(date)*

12-14-2020        ~~12-14-2020~~'S

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☒    issued a Notice of Right to Sue letter, which I received on *(date)*

November 2, 2021

*(Note: Attach a copy of the Notice of Right to Sue letter from the
Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment
Opportunity Commission regarding the defendant's alleged discriminatory
conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

V.    **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to
order. Do not make legal arguments. Include any basis for claiming that the wrongs
alleged are continuing at the present time. Include the amounts of any actual damages
claimed for the acts alleged and the basis for these amounts. Include any punitive or
exemplary damages claimed, the amounts, and the reasons you claim you are entitled to
actual or punitive money damages.

See Email attached concerning my demands

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11 - 15 v.s. , 20 2 1

Signature of Plaintiff       *Vincent Shider*

Printed Name of Plaintiff    *Vincent Shider*

7








During the Pandemic of 2020, I received a letter from Allied Universal stating that I was separated from the company.

This involuntary separation from the company caused financial hardship and having no medical coverage for myself, which ended September 30, 2020, while still under Doctor's care caused, emotional stress.

My Demands are as follows:

1). I am requesting a 2-4 year Severance Pay Package which they should take in to account







Delete          Move to          Forward          Reply          More

mail.aol.com




My Demands are as follows:

1). I am requesting a 2-4 year Severance Pay Package which they should take in to account the following:

a). Time in Service,

b). Medical Bills,

c). Unemployment Benefits,

d). COVID-19 Pay, and

e). Emotional stress.

2), Not to be penalized for the CIGNA Disability Benefits (which I received $166 a week for six months).

    

Delete       Move to      Forward      Reply        More

mail.aol.com

## EEOC Charge Update

 **LORESA LOCKETT**

To scottshider@aol.com

Nov 2 at 10:59 AM

✎ 4 attachments

Good Morning,

Attached, please find a Notice of Right to Sue.
No further action is required for the EEOC.
Thank you!

R/

Investigator Lockett

EEOC – New York District Office

33 Whitehall Street, 4th Floor

| Delete | Move to | Forward | Reply | More |
|--------|---------|---------|-------|------|



**Blue Business® Plus**
Earn 15,000 Membership Rewards® P...

Learn More

Monday



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5ᵗʰ Floor
New York, NY 10004-2112
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New York Direct Dial: (929) 506-5384
FAX (929) 506-5270
Website: www.eeoc.gov

Our Reference:     Vincent Shider v. ALLIED UNIVERSAL SECURITY COMPANY
                   EEOC # 520-2020-05222

Vincent Shider
274 Dean Street, Apt. 2
Brooklyn, NY 11217

Dear Mr. Shider,

This is with reference to your correspondence and subsequent communication with this office in which you alleged discrimination in violation of the Americans with Disabilities Act of 1990, as amended by the above-named Respondent.

As discussed in our conversation on **(November 1, 2021),** a review of all available information provided failed to indicate that a violation of the statute(s) has occurred; however, this does not certify that Respondent is in compliance with the statutes. While we fully understand that the parties to a charge often have very firm views that the evidence supports their respective positions, our final determinations must comport with our interpretations of the available evidence and the laws we enforce. For this reason, we will issue you a Dismissal and Notice of Rights, which will enable you to file suit in U.S. District Court within 90 days of your receipt of that Notice if you wish to pursue this matter further.

We regret that we could not be of further service to you in this matter.

                              Sincerely,

     11/2/2021                      L. Lockett
_____        _____
Date                                Investigator

cc. Attorney for Charging Party.

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: **Vincent Shider**<br>**274 Dean Street**<br>**Apt. 2**<br>**Brooklyn, NY 11217** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |
|---|---|

| | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| **520-2020-05222** | **Loresa A. Lockett,**<br>**Investigator** | **(929) 506-5287** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

| Enclosures(s) | **Judy A. Keenan,**<br>**District Director** | *(Date Issued)* |
|---|---|---|

cc: **Aurda N. Caldwell**
**Legal Services Group**
**ALLIED UNIVERSAL SECURITY COMPANY**
**161 Washington Street | Suite 600**
**Conshohocken, PA 19428**

Enclosure with EEOC
Form 161 (11/2020)

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS      --      Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope and
record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you
did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was
*issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS     --     Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION     --     Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE     --     All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **520-2020-05222** |

| **New York State Division Of Human Rights** | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Vincent Shider** | **(718) 506-6442** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **274 Dean Street, Apt. 2, Brooklyn, NY 11217** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **ALLIED UNIVERSAL SECURITY COMPANY** | **Unknown** | **(347) 418-3800** |

| Street Address | City, State and ZIP Code |
|---|---|
| **229 W 36th Street, NYC, NY 10018** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | Earliest: **06-30-2020**  Latest: **06-30-2020** |
| ☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I Vincent Shider have reason to believe that I was discriminated against based on my disability (Prostate Cancer) when my former employer, ALLIED UNIVERSAL SECURITY COMPANY, separated me from my employment. My employment as a Security Officer at ALLIED UNIVERSAL SECURITY COMPANY began in 2016, when the company took over management from the former owner, FJC. My initial employment with FJC began on October 16, 2006.

During the 1st week of April 2020, I received a letter dated April 13, 2020 from Mr. Darryl Johnson, Dir., of Operation/HR. In this letter it stated, "your last day of work was March 26, 2020" and for me to contact him to discuss my employment status. I spoke with Mr. Johnson concerning this matter. He informed me that I had several options, as follows:
1). To quit and get re-hired
2). To take a 30 day Leave of Absence (LOA)
3). Temporary Disability

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| *12/14/2020*  Date      *Vincent Shider*  Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2020-05222 |

**New York State Division Of Human Rights** and EEOC

*State or local Agency, if any*

I was instructed by my Radiologist to Shelter-In-Place during the high peak of the Pandemic, due me being immunosuppressed with an increased risk of infection.  This Doctor's letter was sent to Ms. Settles, (Director/Supervisor) because she had text me April 13, 2020 at 11:20pm to report to the office the next day at 11:30am for reassignment. On April 14, 2020, I had a Doctor's Appointment and via text message, I informed Ms. Settles of this. Later that day of April 14, 2020 at 9:55pm, I received another text from Ms. Settles to report at 1130am to the office for reassignment. I replied to Ms. Settles via text, to inform her that I received cancer treatment. I also requested that she inform me at earlier times of when to report to the office, so that travel arrangements can be made. My travel arrangements need to be made before 5:00pm each day.

On April 15, 2020 again, I informed Ms. Settles that due to Medical reasons I was instructed to Shelter-In-Place and provided Social Distancing rules. I received a text from Ms. Settles stating that she was just informing me to report to the office for reassignment and that Security Officers who fail to report will not be eligible for unemployment. I spoke with Mr. Johnson in reference to my employment status. At that time, I was also letting him know of my Medical History and that I had chosen to take Temporary Disability to continue my Medical Treatment. I was instructed by 32BJ (Union) to forward Medical Paper CIGNA to start the process.

On April 29, 2020, again I informed Ms. Settles via text stating my reason for being unable to report for reassignment was because of COVID-19. I also requested via text to forward the Doctor's Letter to Mr. Darryl Johnson. Her reply via text was, "Hello, Okay".

On July 6, 2020, I called and spoke with Ms. Spencer, Dir., of Human Resources (HR) and informed her that I received a letter from Allied Universal dated June 30, 2020, stating that "Shider was separated from Company". Her reply was she would look into this matter, being that she was unaware of the Doctor's Letter that I had sent to Ms. Settles.

On July 6, 2020, Ms. Spencer sent an email to Ms. Joanne Pham, Leave of Absence (LOA) Specialist stating that the employee Vincent Shider #208484 was inadvertently deactivated on June 24, 2020 and that a LOA request had already been generated for him (LOA #: 2020-0508-0258).

On July 6, 2020, I received an email from Ms. Pham, that was also sent to Ms. D. Spencer, Ms. Erin Boyler, and Mr. Darryl Johnson, stating that she has viewed the request to have the "inactive" line removed, has been submitted and processed.

On July 13, 2020, I called Ms. Spencer as a follow-up to the July 6, 2020 discussion concerning the separation status. I received Ms. Spencer's answering machine. I began receiving temporary disability benefits at the end of June 2020. I stopped receiving benefits/medical insurance on September 30, 2020. On October 13, 2020, I made another follow-up call to Ms. Spencer. To date, I have not received a response.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 12/14/2020    *Vincent Shider*<br>Date           Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2020-05222 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

Based on the above, I believe I was discriminated against in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 12/14/2020<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

## Important Document Available for EEOC Charge 520-2020-05222

 U.S. Equal Employment Opportunity Comm…

To scottshider@aol.com

Nov 2 at 10:55 AM

🔗 1 attachment

🖼️ **Load blocked images**



**U.S. Equal Employment Opportunity Commission New York District Office**

EEOC has made a decision regarding charge number 520-2020-05222. It is very important that you download and retain a copy of this document. You may review this decision by logging into the EEOC Public Portal.

This email is an official notification from the Equal Employment Opportunity Commission (EEOC) regarding charge 520-2020-05222.

| Delete | Move to | Forward | Reply | More |

# Vincent Shider EEOC #520-20-20-05222
# Rebuttal to Allied Universal Disposition

## 1 FACTS

**Paragraph 1 – No Rebuttal**

**Paragraph 2: Allied Universal (AU) Comment:**

On or about March 27, 2020, Client Manager Shakeema Settles ("Ms. Settles") contacted Mr. Shider, as well as each employee who was removed from the site, and asked him to report to her office for reassignment to another site. Employees need to report in person so that they can sign their new schedule. Mr. Shider responded and told her he would come to her office the following day, but he failed to appear or contact her.

**Rebuttal:** I disagree with this statement made in Paragraph 2 sentence #3

On March 26, 2020, S/O Shider reported to work and was informed to go home. S/O Shider was informed by Supervisor Ms. McCoy that Ms. Settles will be contacting S/O Shider. I disagree with the statement cited above and the statement made for April 6, 2020. Ms. Settles did not contact S/O Shider at any time prior to the dates mentioned. Therefore, S/O Shider did not tell Ms. Settles that I would report to the office the next day. However, on April 13, 2020, at 11:20pm, Ms. Settles texted S/O Shider requesting that I report to the office on April 14, 2020 at 11:30am for reassignment. On April 14, 2020 at 8:41 am, S/O Shider texted Ms. Settles and informed her that I had a Doctor's Appointment to received cancer treatment (**See Exhibit A - Doctor's Letter dated April 14, 2020**).

On April 14, 2020 at 9:55pm, Ms. Settles texted S/O Shider to report to the office tomorrow (April 15, 2020) at 11:30am for reassignment. On April 14, 2020 at 11:25pm S/O Shider texted Ms. Settles and informed her that I had a Doctor's Appointment today (4/14/20), and received cancer shot/treatment and my body is in pain. (**See Exhibit A - Text Messages**)

On April 15, 2020, at 2:10pm S/O Shider texted Ms. Settles and request if she could text me within a timely manner (11:20pm on 4/13/2020) & (9:55pm on 4/14/2020) to make travel arrangements within the time allowed and that I was also, following my Doctor's advice to Shelter-In-Place and Social Distancing Rules. (**See Exhibit A - Text Messages & Doctor's Letter dated 2/3/2020**)

**Paragraph 3 – Allied Universal (AU) Comment**:
On or about April 6, 2020, Ms. Settles still had not heard from Mr. Shider and informed Client Manager Darryl Johnson ("Mr. Johnson") that Mr. Shider had not reported for reassignment or returned her calls in over a week.

**Rebuttal:** I disagree with the statement cited above for April 6, 2020. Ms. Settles did not contact S/O Shider at any time before April 13, 2020, (**See Exhibit A - Text Messages**).

**Allied Universal (AU) Comment**: Mr. Johnson sent Mr. Shider a letter indicating that he needed to contact him to discuss his employment status within the next two weeks.

**Rebuttal**: On Monday, April 27, 2020 @ 10:45am Mr. Darryl Johnson, Director called S/O Shider at home to informed me that I have four Options:
1). Go back to work:
2). Personal Leave Letter due to medical condition(s), 30 days
3). Go on Medical Disability
4). Deactivate myself and get re-hired

S/O Shider Informed Mr. Johnson that he would go on Medical Disability
The first Diability request was approved in 2019 with UNUM and the extended Disability with Cigna.

**Allied Universal (AU) Comment:**  Mr. Shider indicated that he would send documentation of his health condition and would request disability benefits.

**Rebuttal:** On April 29, 2020 @ 4:28 pm a Doctor's letter dated April 28, 2020, as instructed, was submitted to FJC's Ms. Settles, Director and in my text, message dated 4/29, 2020 @4:28pm, I had also, requested that she forward the attached Doctor's letter to Mr. Johnson, Director. Her response was "Hello OK". (**See**

**Exhibit B - Doctor Letters dated May, 26 & 28, 2020 &UNUM Letter dated October 11, 2019, Cigna Medical Request Forms & Text Message**)

**Paragraph 4 – Allied Universal (AU) Comment:** Mr. Shider responded that he was willing to report to the office but had been sheltering in place due to his health condition, age, and social distancing. Mr. Shider then stated that he would send his documentation for a leave of absence.

Also, comment mentioned in Sentence # 5 "This was the first time Ms. Settles became aware Mr. Shider's disability."

**Rebuttal:** Email dated January 11, 2020 was sent to Ms. Linda Dean, LOA Specialist informing her that I will be faxing her the same documents I faxed to the Disability Department. (**See Exhibit C - email dated January 11, 2020 to Ms. Linda Dean LOA Specialist & Disability Management Solution Form**)

**Rebuttal**: However, on April 13, 2020, at 11:20pm, Ms. Settles texted me requesting that I report to the office on April 14, 2020 at 11:30am for reassignment. On April 14, 2020 at 8:41 am, I texted Ms. Settles and informed her that I had a Doctor's Appointment to received cancer shot/treatment. (**See Exhibit D** Doctor's Letters dated September 23, 2019, April 14, 2020, April 28, 2020 & Return To Work Release Form Allied Universal Service).

**Paragraph 5 – Allied Universal (AU) Comment:** On or about July 6, 2020, Allied Universal retroactively sent a letter to Mr. Shider confirming his request for a medical leave of absence beginning on March 26, 2020 with a projected return to work date of June 8, 2020 and informing him of his eligibility for a medical leave of absence subject to the completion of the Certification of Health Care Provider for Employee's Serious Health Condition form and final approval.

**Rebuttal**: I disagree with this statement I was under Doctor's care during the month of June 2020 (**See Exhibit D - Doctor's letter dated April 28, 2020**)

**Paragraph 6– Allied Universal (AU) Comment:** Mr. Shider failed to contact the Company after his expected return to work date passed. Per Company policy, if an employee does not return from his or her leave of absence on the day indicated in their original application or in any approved extension, the employee must

contact the Corporate Leave of Absence department in advance of his or her scheduled return to work date. If the employee fails to maintain contact with the Company upon the expiration of his or her approved leave, the employee may be deemed to have resigned his or her employment.5 On or about July 6, 2020, Leave of Absence Specialist Joanne Pham ("Ms. Pham") contacted Human Resources Manager Deborah Spencer ("Ms. Spencer") to inquire if Mr. Shider had returned to work or extended his leave of absence and requested any documentation he may have provided.

**Rebuttal**: On July 6, 2020, S/O Shider called Ms. Spencer, HR spoke with her in reference to letter received stating that "I separated myself from the company". Her comment was "she would look into it".  A follow up call was made to Ms. Spencer on July/13, 2020, and had to leave a message on her answering service concerning the same matter being that I had not hear from her. On September 14, 2020 @ 2:25pm, S/O Shider called Mr. Johnson, Director of FJC and requested a Fax Number and he said "call Deborah Spencer". At 2:29pm got her answering machine. On October 13,2020, @ 10:00am called both Numbers and left messages for her to return my call. I have not heard from Ms. Spencer concerning my employment until May 25, 2021. On May 25. I received a call @ 4:23pm and followed up with an email inference to her question asked (**See Exhibit E - Post-It-Notes, email dated May 26, 2020 @ 3:26pm, A Postal confirmation sent & Letter dated August 17, 2020**).

**Paragraph 7– Allied Universal (AU) Comments**: She also informed him that the Company had not received anything from him confirming whether he was still medically unable to work or if he was cleared by his doctor to return to work.

**Rebuttal**: An email was sent to Ms. Dean, LOA on January 12, 2020, stating that I will be faxing her the same documents I had faxed to The Disability Department on 9/16/2020 indicating when I can return to work. On January 19, 2021 she confirmed that she had received the faxed papers. (**See Exhibit F** email dated January 11, 2020 & Doctor's Letter dated 4/28/2020 & Return To Work Release Form Allied Universal Service & Certification of Healthcare Provider for Employees Serious Conitions)

**Paragraph 8– Allied Universal (AU) Comments**: On or about on May 25, 2021, Ms. Pham sent Mr. Shider a letter via email reminding him that his leave was

scheduled to end on September 30, 2020 and requested an update regarding his estimated return-to-work date within five days.7 On or about June 2, 2021, Mr. Shider responded to Ms. Pham's email and confirmed that he would not return to work for Allied Universal.

**Rebuttal**: I replied to Ms. Settles May 26, 2020 @ 3:56 & Ms. Pham via emails dated May 30, 2021 @ 6:32pm (**see Exhibit G - emails**)

**Paragraph 8– Allied Universal (AU) Comments:** On or about May 25, 2021, Mr. Shider called Ms. Spencer regarding the email from Ms. Pham and the status of his benefits. This was the first time he contacted Ms. Spencer since he went on a leave of absence. Ms. Spencer explained to him that his medical benefits are handled through his union and that he should contact his union representative regarding any issues with his benefits.

**Rebuttal**: I disagree with about statement, due to the facts that my benefits had expired in 2020. There was no reason to inquire about benefits in the year 2021.

Numerous called were made to Ms. Spencer during the months of July, September & October of 2020. Ms. Spencer finally contacted me via telephone call on May 25,2021 @ 4:23pm and asked if I was willing to return back to work. I did not hear from Ms. Spencer until she called me on May 25, 2021 @4:23pm. I told her that I would get back in touch with her. I sent her an email with my reply which said "Due to the circumstances and condition that I was subjected to, I would feel very uncomfortable. (**See Exhibit H -emails dated May 26, 2021 @3:56pm and I also sent a reply email to Ms. Joanne Pham dated May 25, 2021 @ 6:32pm responding to her same asked question concerning my employment**).

**CONCLUSION:**  The Company states that I did not get in touch with anyone during my LOA. S/O Shider followed the Hierarchy of Commands and sent all required documents and correspondents to the appropriate Employers/Departments in reference to keeping his employment. All documents requested were submitted in a timely manner.

 On July 6, 2020, S/O Shider called Ms. Spencer, HR in reference to letter dated 6/30/2020 from Allied Universal stating "I separate myself from the company". Also, I followed up with a call on July 13, 2020, concerning this matter and I had to

leave several a message on her answering service. I finally received a call from Ms. Spencer On May 26, 2021, asking if I will would be willing to return to work

A Doctor's letter dated April 28, 2020, as instructed was submitted via text message to FJC's Ms. Settles, Director and in my text, message dated 4/29/ 2020 @4:28pm, I had also, requested that she forward the attached Doctor's letter to FJC's Mr. Johnson, Director. Her response was "Hello OK". See all Medical Doctor Letters, Medical Request Forms & Text Messages. A letter was also, dated August 17, 2020, to Allied Universal's Leave of Absence Number 1614417

Medical Documents for Disability was submitted in a timely manner in order to have received six (6) month of Medical Benefits.

Emails was sent to Ms. Pham, Boyer, Erin, Maguire, Vivian, cc: Johnson, Darryl all employer of Allied Universal Security (aus) from Ms. Spencer dated July 6, 2020 @ 9:26am stating that S/O Shider was inadvertently deactivated on 06/24. I still was not informed to come to work **(See Exhibit I – email date July 6, 2020).**

On July 6, 2020, S/O Shider called Ms. Spencer, HR spoke with Ms. Spencer in reference to letter received dated stating that "I separated myself from the company". Her comment was "she would look into it". However, I called Ms. Spencer inquiring about this letter because according to the above statement it was supposed to have been corrected according to Ms. Pham email. **(See Exhibit I – email date July 6, 2020)**

In the year of 2020 S/O Shider states "I Did Not Quit or Separate myself from Allied Universal".

# VINCENT SHIDER EEOC #520-20-20-05222

# VINCENT SHIDER REBUTTAL STATEMENTS TO ALLIED UNIVERSAL DISPOSITION

# EXHIBIT A



Memorial Sloan Kettering
Cancer Center

4/14/20

To Whom It May Concern:

Vincent Shider attended an appointment at Memorial Sloan Kettering Cancer Center on

Tuesday, April 14th.  Please do not hesitate to contact us if you have any questions.

Best regards,

Brooklyn Infusion Center

Memorial Sloan Kettering Cancer Center

(718) 752-6210

MSKCC Brooklyn Infusion Center
557-1 Atlantic Avenue, Brooklyn, NY 11217   T 718.752.6200   F 718.752.6240
www.mskcc.org
NCI-designated Comprehensive Cancer Center



**Quicken Loans** · Ad
**Recalculate a house payment with experts**
Online or over the phone, Quicken loans is here t...

## Vincent Shider ID# 208484



me
To joanne.pham@aus.com
May 30 at 6:32 PM

Hello Ms. Pham,

I am responding to your letter dated May 25, 2021 that I received Saturday, May 29, 2021. My response to your letter is due to the circumstances and the conditions I was subjected to I would feel very uncomfortable.

        

Delete          Move to          Forward          Reply          More

**See Your New House Payment wit...**
Why Americans Are Refinancing Wit...          Learn More

 T-Mobile Wi-Fi 🛜        4:11 PM        🔋 63% ▉



Settles. F.J.C. ›

Apr 13, 2020, 11:20 PM

Hello please report to the office tomorrow at 1130am for reassignment.

Apr 14, 2020, 8:41 AM

Have doctor appointments Tuesday 14,2020

Apr 14, 2020, 9:55 PM

Hello please report to the office tomorrow at 1130am for reassignment.

Apr 14, 2020, 11:25 PM

Ms Settles I just received cancer shots today my body is in pain why you Tex s/oShider at 11:20 p.m & 9:55 p.m can you Tex me in the a.m. or early


Store


Apple Pay


Stickers


#images


Mus

T-Mobile Wi-Fi  4:16 PM  61%



Settles. F.J.C. >

Apr 15, 2020, 2:10 PM

Ms. Settles this is S/O Shider. This is to inform you that I have received two Text messages late at night, one at 11:20p.m & one at 9:55p.m. Due to medical issues, I am abiding by the Shelter In Place and the Social Distancing rules. Could I please be informed by way of texting, within a timely manner so that the proper travel arrangements could made. I thank you for your assistance in this matter. Awaiting your reply concerning this matter.

Hello the texts are simply telling you to come to the office for reassignment. However you failed to come. Officers who fail to report will not be eligible for



Settles. F.J.C. ›

Hello the texts are simply telling you to come to the office for reassignment. However you failed to come. Officers who fail to report will not be eligible for unemployment due to work being available and you're just not reporting to get a schedule

Ms. Settles you misunderstood my text message I do apologize for that. I am willing to report in. However, I've been receiving the text messages very late at night and was not able make travel arrangements due to Medical issues and the Shelter in Place & being over 64+years with the social distancing rule. Am I to assume that the Queens office is open?

  

      



Settles. F.J.C. ›

able make travel arrangements due to Medical issues and the Shelter in Place & being over 64+years with the social distancing rule. Am I to assume that the Queens office is open?

I'm aware of the shelter in place as the social distancing. However   we are not in the office everyday this is why I text you the night before to come the next day.

Thank you,going forward could you please Tex me in a timely manner before 5p.m.so I can make travel arrangements to the office?

T-Mobile Wi-Fi 🔶   4:23 PM    60% 🔋





Settles. F.J.C. ›



Ms. Settles please see letter from my doctor concerning my employment could you also forward this Tex message to Mr. Johnson

Hello ok

Thank you

   

      



Memorial Sloan Kettering
Cancer Center

Aaron Mitchell, MD
Department of Medicine, Genitourinary Oncology Service
Memorial Sloan Kettering Cancer Center New York

2/3/2020

Re: Shider, Vincent DOB: 5/1/1955

To whom it may concern,

Mr. Shider is currently under my care at Memorial Sloan Kettering Cancer Center for treatment of prostate cancer. He has frequent visits to our center which are vital to the upkeep of his care. Mr. Shider will need access-a-ride services to take him to and from his appointments.

Please feel free to contact my office at 646-888-4595 for further information or to help answer any questions.

Thank You,

Aaron Mitchell, M.D.

The Sidney Kimmel Center for Prostate and Urologic Cancers
Memorial Sloan Kettering Cancer Center
353 East 68th Street, New York, NY 10065
Tel: 646-888-4595    Fax: 646-227-2417

# VINCENT SHIDER EEOC #520-20-20-05222

# VINCENT SHIDER REBUTTAL STATEMENTS TO ALLIED UNIVERSAL DISPOSITION

# EXHIBIT B

◀ Phone ▪ 🗫   **1:25 PM**   ⊕ 99% ▬

< 

**S**

Settles. F.J.C. >

Apr 29, 2020, 4:28 PM



 T-Mobile Wi-Fi   4:23 PM   60%



Settles. F.J.C.



Ms. Settles please see letter from my doctor concerning my employment could you also forward this Tex message to Mr. Johnson

Hello ok

Thank you

 

      

Aaron Mitchell, MD
Department of Medicine, Genitourinary Oncology Service
Memorial Sloan Kettering Cancer Center New York

4/28/2020

Re: Shider, Vincent DOB: 5/1/1955

To whom it may concern,

Mr. Vincent Shider is currently under my care and receiving treatment for prostate cancer. Due to treatments he is currently immunosuppressed and at increased risk for infection. For this reason he should not currently be working during the COVID-19 pandemic.

Please feel free to contact my office at 646-888-4595 for further information or to help answer any questions.

Thank You,

*Aaron Mitchell*

Aaron Mitchell, M.D.



**Memorial Sloan Kettering**
**Cancer Center..**

Aaron Mitchell, MD

Department of Medicine, Genitourinary Oncology Service
Memorial Sloan Kettering Cancer Center New York

5/26/2021

Re: Vincent Shider

DOB: 5/1/1955

To Whom it May Concern,

Mr. Shider is under my care at Memorial Sloan Kettering Cancer Center for early stage prostate cancer. He is currently receiving hormonal therapy, which will finish later this year. He has also completed radiation to the prostate. After treatment is complete, he will be considered cancer free. He will remain at risk for recurrence and will need to have monitoring with regular blood tests.

Thank You,

Aaron Mitchell, M.D.

Unum
The Benefits Center
PO Box 100158
Columbia, SC 29202-3158
Phone: 877-217-5488
Fax: 1-877-851-7624
www.unum.com



October 11, 2019


VINCENT SHIDER
274 DEAN ST #2
BROOKLYN, NY 11217




RE:   Shider, Vincent
      Claim Number:      16227788
      Policy Number:      422849
      First Unum Life Insurance Company


Dear Mr. Shider:

Thank you for providing the information needed for your Disability Benefits Law claim. Your physician has released you to return to work on October 14, 2019 and your benefits have been approved through October 13, 2019.

**What We Need From You**

Please let us know if there are any changes or complications within this anticipated recovery time frame. We will need additional information to better understand how your condition impacts your ability to return to work. If you cannot return to work on October 14, 2019 for medical reasons, please have your attending physician(s) provide us with the following medical information:

- Medical records (including treatment records, procedure records, physical therapy records and test results) from all treating providers from October 01, 2019 through present.
- Restrictions and limitations (a list of things you should not and cannot do).

The information provided will assist us in the continued evaluation of your claim. A note from your physician stating you are unable to return to work is not considered sufficient medical documentation.

If we have not received the additional information by November 27, 2019, your claim will remain closed.

**How To Contact Us Or View Information About Your Claim**

Mr. Shider, we hope this letter has been clear and helpful to you. If you have any questions or would like to follow the status of your claim, you can do so conveniently through your secure online account at www.unum.com/claims.



1242-03     UNUM IS A REGISTERED TRADEMARK AND MARKETING BRAND OF UNUM GROUP AND ITS INSURING SUBSIDIARIES.

Claimant Name: Shider, Vincent
Claim Number: 16227788

October 11, 2019
Page 2 of 2

Through your account you have the option to:

- Go paperless and receive all correspondence electronically;
- View the current status of your claim including outstanding information; and
- Upload documentation or provide new information to help us evaluate your claim and return to work efforts.

You may also manage your leave with the Unum Customer App. The Unum Customer App is available for Apple and Android.

After reviewing your online account, if you should have additional questions, please call me at 877-217-5488, extension 14573. If I am unavailable to answer your call directly, our experienced representatives are available to assist you from 8 a.m. to 8 p.m. Eastern Time, Monday through Friday. We will identify your claim by your Social Security number or claim number, so please have one of these available when you call.

Sincerely,

*Donald Thomas*

Donald Thomas
Disability Benefits Specialist

## Medical Request Form

*Attn?*
*Cynthia*

Fax# 866-472-3221
v Cigna

Life • Accident • Disability
Life Insurance Company of North America
Connecticut General Life Insurance Company
CIGNA Life Insurance Company of New York



**We are evaluating your patient's disability claim. Please respond to the following questions.**
**Please provide copies of supporting reports, such as office notes/consultations/testing.**
*(Failure to provide the reports may result in delay in the claim determination).*

The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by the GINA Title II from requesting or requiring genetic information of employees or their family members. In order to comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. "Genetic information," as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

| Claimant Name: Vincent Shider | Date of Birth: 05/01/1955 |
|---|---|

**What is the primary diagnosis?**

Malignant neoplasm of prostate

| What is the ICD-9 code? c61 | Date of Injury/Illness: 6/14/2019 | Is this condition work related? ☐ Yes ☒ No |
|---|---|---|

**What are the specific additional factors impacting return to work, if any?**
will be undergoing treatment Monday-Friday for treatment of prostate cancer

| When did you first treat your patient for this current impairment episode? 6/26/2020 | Have you treated your patient for this impairment prior to this episode? ☐ Yes ☐ No  If yes, when?_____ | Date of last visit: 7/10/2020 | When is your patient's next office visit? 7/29/2020 |
|---|---|---|---|

**Does treatment plan for this impairment episode include any of the following?** *(Please list as appropriate and provide supporting documentation)*

☐ Physical Therapy: _____
☐ Surgery: _____
☐ Specialty Referral: _____
☐ Electrodiagnostic Studies: _____
☐ Imaging Studies: _____
☐ Other: _____

**Please list all current medications that are related to this impairment or impact return to work:** *(Please include dosage and frequency)*

N/A

**What are the specific restrictions that you have placed on your patient?**
At Work: due to the current pandemic & the pt being high risk & immunocompromised, the pt should not return to work until out on the

At Home *(Activities of Daily Living)*:

| Could your patient return to work at this time if accommodations were made for the listed restrictions? ☐ Yes ☒ No
If no, why not? |
|---|

If no, based on your experience, what is your best estimate of when your patient can return to work? 9/30/20...
With Restrictions: _N/A_          Without Restrictions: _____

| Physician Name *(Please Print)*: Dr. Justin Voog | Degree & Specialty: MD, PhD |
|---|---|

| Address: *(Street, City, State, Zip Code)* 1275 York Ave | | |
|---|---|---|

| Telephone Number: ( 212) 639-3836 | Fax Number: ( 929) 321-7153 | Federal Tax ID #: |
|---|---|---|

| Physician Signature: *J Voog* | Date: 7/21/2020 |
|---|---|

618136   Rev. 04/2011

# VINCENT SHIDER EEOC #520-20-20-05222

# VINCENT SHIDER REBUTTAL STATEMENTS TO ALLIED UNIVERSAL DISPOSITION

# EXHIBIT C

5:20



## Re: Your Leave of Absence – Allied Universal Security

 me

to linda.dean@aus.com

Jan 11 at 4:55 PM

Ms. Linda Dean,

Vincent Shider, ID # 208484. In response to your email, I will be faxing to you on Tuesday, January 12, 2021, the same documents I faxed to the Disability Dept., from my doctor in reference to the Disability. I had also sent this information to the Disability Department indicating when I can return to work. These Papers were sent to that Department on 9/16/2020.

show original message


Delete


Move to


Forward


Reply


More

Case 1:21-cv-06425-LDH-LB Document 1 Filed 11/15/21 Page 44 of 69 PageID #: 44

# 38067150 R37

*Disability Management Solutions*℠

CIGNA Group Insurance
Life·Accident·Disability

Please provide copies of supporting reports, such as office notes/consultations/testing.
(Failure to provide the reports may result in delay in the claim determination.)

The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by the GINA Title II from requesting or requiring genetic information of employees or their family members. In order to comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. "Genetic information" as defined by GINA, includes an individual's family medical history, the results of an individual's or an individual's family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

| Claimant Name: Vincent Shider | Date of Birth: 05/01/1955 |
|---|---|

What is the primary diagnosis?

Prostate cancer

| | Date of Initial Diagnosis | Is this condition work related? |
|---|---|---|
| 195 or C61 (ICD 10) | 5/1/2019 | ☐ Yes ☒ No |

What are the specific ps[ch]ical factors impacting return to work, if any?

| When did you first treat your patient for this current treatment episode? 6/24/2019 | Have you treated your patient for this treatment prior to this episode? ☐ Yes ☒ No If yes, when? | Date of last visit: 12/30/19 | When is your patient's next office visit? 6/29/20 |
|---|---|---|---|

Does treatment plan for this treatment episode include any of the following? (Please list as appropriate and provide supporting documentation)

☐ Physical Therapy: ___
☐ Surgery: ___
☒ Specialty Referral: Radiation Oncology
☐ Electrodiagnostic Studies: ___
☒ Imaging Studies: M.R.I
☐ Other: ___

Please list all current medications that are related to this treatment or impact return to work: (Please include dosage and frequency)

Lupron 45mg IM

What are the specific restrictions that you have placed on your patient?
At Work:

At Home (Activities of Daily Living):

Could your patient return to work at this time if accommodations were made for the listed restrictions? ☒ Yes ☐ No
If no, why not?

| Physician Name (PLEASE PRINT): Aaron Mitchell | Medical Specialty: Medical Oncology |
|---|---|
| Address: (Street, City, State, Zip Code) 1275 York Ave, NY, NY 10065 | |
| Telephone Number: (646) 888-4595 | Fax Number: (646) 227-2417 | Federal Tax ID #: 1-332 78578 |
| Physician Signature: Aaron Mitchell | Date: 6/17/20 |

319133 Rev: 04/2011

# VINCENT SHIDER EEOC #520-20-20-05222

# VINCENT SHIDER REBUTTAL STATEMENTS TO ALLIED UNIVERSAL DISPOSITION

# EXHIBIT D



**Memorial Sloan Kettering
Cancer Center**

4/14/20

To Whom It May Concern:

Vincent Shider attended an appointment at Memorial Sloan Kettering Cancer Center on

Tuesday, April 14th.  Please do not hesitate to contact us if you have any questions.

Best regards,

Brooklyn Infusion Center

Memorial Sloan Kettering Cancer Center

(718) 752-6210



Memorial Sloan Kettering
Cancer Center.

Aaron Mitchell, MD

Department of Medicine, Genitourinary Oncology Service
Memorial Sloan Kettering Cancer Center New York

4/28//2020

Re: Shider, Vincent DOB: 5/1/1955

To whom it may concern,

Mr. Vincent Shider is currently under my care and receiving treatment for prostate cancer. Due to treatments he is currently immunosuppressed and at increased risk for infection. For this reason he should not currently be working during the COVID-19 pandemic.

Please feel free to contact my office at 646-888-4595 for further information or to help answer any questions.

Thank You,

Aaron Mitchell, M.D.

The Sidney Kimmel Center for Prostate and Urologic Cancers
Memorial Sloan Kettering Cancer Center
353 East 68th Street, New York, NY 10065
Tel: 646-888-4595   Fax: 646-227-2417

From:                                                                     09/16/2020 11:51      #565 P.003

*3 of 6*

## RETURN TO WORK RELEASE FORM: Allied Universal Services

### TO BE COMPLETED BY THE EMPLOYEE

Name: Vincent Shider        EID #: 208484        Shift: _10:30 A.M._ 7:00 P.M. Location: _2865 W 8 St_

Cell Phone: _718-506-6085_    Home Phone: _718-875-6977_   Supervisor: _Ms. Tracey McCoy_

I understand that if my release includes workplace restrictions related to my medical condition, it must reach the Leave of Absence (LOA) Department prior to my return to work date. I understand that my return to work date may be delayed so that my branch can evaluate any identified restrictions. If restrictions are substantially limiting, are expected to continue longer than 3 months or are considered permanent, your return release will be reviewed under the ADAAA (Americans with Disabilities Act as amended).

_Vincent Shider_                   _March 25, 2020_              _Sept. 18 2020_ 1Si
Employee Signature                 Last Day Worked                Date

### TO BE COMPLETED BY THE HEALTHCARE PROVIDER

**(1) This condition is:** ☒ Not work related.   ☐ Work related.

**(2) Employee may:**
___ Return to work on _____ (date) without restrictions.
_✓_ Return to work on _11/30/20_ (date) with restrictions as indicated below through _11/20/2021_ (date).
___ Unable to return to work from _____ (date) to _____ (date) due to incapacity or restrictions.
___ Restrictions listed below are **PERMANENT**.

**(3) Employee may work full-time hours?** ☐ YES ☐ NO

   **If NO:** Maximum hours/workday: _____ Maximum hours/week: _____ *Employee may be eligible for FMLA.*

**(4) WORK RESTRICTIONS**
Employee may perform activity:

| | NONE 0% of workday | OCCASIONALLY 1-33% of workday | FREQUENTLY 34-64% of workday | CONSTANTLY 65-100% of workday |
|---|---|---|---|---|
| Lifting maximum _____ pounds | | | | |
| Pushing / pulling maximum _____ pounds | | | | |
| Reaching above shoulder R / L (circle) | | | | |
| Grasping / squeezing | | | | |
| Keyboarding | | | | |
| Repetitive hand / wrist motion R / L (circle) | | | | |
| Sitting | | | | |
| Standing / Walking | | | ✓ | |
| Squatting / kneeling | | | | |
| Repetitive bending / stooping | | | | |
| Climbing stairs / ladders (circle) | | | | |

Other restrictions (if any): _Pt may be unable to perform work duties due to fatigue, Pt may require frequent bathroom visits_

| Must use crutches or splint or other ☐ YES ☒ NO Specify other: | Able to drive vehicle for work purposes, if applicable ☒ YES ☐ NO ☐ N/A |
|---|---|
| Able to work with others: ☒ YES ☐ NO No exposure to: | Able to give supervision, if applicable: ☒ YES ☐ NO ☐ N/A Comments: |

Doctor Signature: _J Voog_                    Doctor Phone: _212-639-3836_

Doctor Name: _Dr. Justin Voog_               Doctor Fax: _929-321-7153_

Today's Date: _9/18/2020_

**General Information:** This form helps gather return to work information and minimize release of medical information when returning from a LOA or use of Sick Leave for an employee's own medical condition. If an alternate release form is used, please do not include diagnosis or treatment information. This form is submitted by the employee to the LOA department. For more information about workplace accommodations contact the ADAAA, contact the LOA Department at (714) 371-1092, fax (714) 371-1091 or email LOA@aus.com.

**GINA Safe Harbor Statement:** The Genetic Information Nondiscrimination Act (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of employees or their family members. In order to comply with this law, we are asking that you not provide any genetic information when responding to this request. "Genetic information," as defined by GINA, includes an individual's family medical history, the results of an individual's or family members genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or an individual's family ember receiving assistive reproductive services.

Revised: 04/2019

From:

09/16/2020 11:52   #565 P.004

*4 of 6*

## Certification of Health Care Provider for
### *Employee's Serious Health Condition*

**Employee Name:** Vincent Shider

**Employee Id:** 208484

**Leave Number:** 1614417

**INSTRUCTIONS TO THE EMPLOYEE:** Please give this form to your medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. Your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 20 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form. 29 C.F.R. § 825.305(b).

Return a complete and sufficient medical certification to:

Attention: Leave Of Absence Department
By Email: LOA@aus.com
Or
By Fax: (714) 371-1091

**INSTRUCTIONS TO THE HEALTH CARE PROVIDER:** Your patient has requested leave under the FMLA. Answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of the condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the employee is seeking leave. Please be sure to sign the form on the last page.

The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. "Genetic Information" as defined by GINA includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

**Provider's name:** Dr. Justin Voog

**Business address:** Memorial Sloan Kettering, 1275 York Ave  NY, NY 10065

**Type of practice / Medical specialty:** Radiation oncology

**Telephone:** ( 212 )639-3836 **Fax:**( 929 )321-7153

### PART A: MEDICAL FACTS

1. Approximate date condition commenced: 6/14/2019

Probable duration of condition: 18 months

Certification of Health Care Provider for Employee's Serious Health Condition
Modeled after Form WH-380-E     Revised: April 2019

MED 1 of 3

*5 of 6*

**Mark below as applicable:**

Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
X̲ No ___ Yes

If yes, dates of admission:

_____

Date(s) you treated the patient for condition: _5days per week_ 7/6 ,7/10, 7/13 , 9/11 , 9/16 , 9/18 , 9/28  9/29 — 11/4 + follow up appoint

Will the patient need to have treatment visits at least twice per year due to the condition? ___ No ✓ Yes

Was medication, other than over-the-counter medication, prescribed? ___ No ✓ Yes

Was the patient referred to any other health care provider(s) for evaluation or treatment (e.g., physical therapist)? ____ No ✓ Yes

If yes, state the nature of such treatments and expected duration of treatment:
_Medical Oncologist - 18 months , Gastroenterologist -_

2. Is the medical condition pregnancy? X̲ No ___ Yes  If so, expected delivery date: _____

3. For the following question, use the job information provided by the employer. If the employer fails to provide a list of the employee's essential functions or a job description, answer these questions based upon the employee's own description of his/her job functions.

Is the employee unable to perform any of his/her job functions due to the condition: ____ No ✓ Yes
If yes, identify the job functions the employee is unable to perform:

_Employee may suffer from fatigue and frequent bathroom visits_

4. Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

**NOTE: In California and Connecticut, do not disclose the underlying diagnosis unless you have received consent from the patient.**

_Pt will receive 6 weeks treatment of external beam radiation to prostate in combination with 18 months hormone deprivation therapy. Pt may experience fatigue, hot flushes, urinary frequency and discomfort, GI upset, and decreased ability to fight infection_

---

PART B: AMOUNT OF LEAVE NEEDED

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery? ✓ No ___ Yes

If yes, estimate the beginning and ending dates for the period of incapacity: _18 month compromised._

6. Will the employee need to work part-time or on a reduced schedule because of the employee's medical condition? ___No __✓_Yes

If yes, are a reduced number of hours of work medically necessary?   ___No  __✓Yes

Estimate the part-time or reduced work schedule the employee needs, if any:

___5___ hour (s) per day; ___5___ days per week from ___9/29___ through ___11/30___

7. Will the employee need to attend follow-up treatment appointments because of the employee's medical condition? ___No __✓_Yes

Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period (e.g. 1 appointment every 3 months, and requires 1 day of recovery per appointment):

Frequency: __1__ appointment(s) every ___✓___ week(s) *or* _____ month(s)

Duration: __5__ hours *or* _____ day(s) per appointment

8. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions? ____No __✓Yes

Is it medically necessary for the employee to be absent from work during the flare-ups? ____No __✓Yes

If yes, explain: _Pt may experience fatigue, urinary side effects and GI side effects_

Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

Frequency: __1__ times per __1__ week(s) *or* _____ month(s)

Duration: _____ hours *or* __1__ day(s) per episode

**ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER:**

_____

_____

_____

_____        10/2/2020_____
**Signature of Health Care Provider**          **Date**

# VINCENT SHIDER EEOC #520-20-20-05222

# VINCENT SHIDER REBUTTAL STATEMENTS TO ALLIED UNIVERSAL DISPOSITION

# EXHIBIT E

Post it Notes

Document #3 7/6/2

Call Mrs Spencer of HR

Informed Mrs Spencer, Vince

Shider received a letter fr

allied International that Vinc

Shider was separated from

Mrs. Spencer informed Vincent Shi

would look into the matter. 7/13,

Call mrs Spencer got her answer

machine.

---

2:25

on 9-14-2020 Vincen

Shider Call Mr. John

for Fap# Mr Johnso

told me to Call HR

Debra Spencer

2:2

Call Debra Spencer

Got answering machine le message

---

Oct. 13, 2020

Vincent Call Mrs.

Spencer 10:00 Am

call both # left mes

for Mrs Spencer to Ca

Vincent back.

Post it Notes

2:25

On 9-14-2020 Vincent
Sh.der Call mr. Johnson
for Fap# Mr. Johnson
told me to call HR
Debra Spencer      2:29
Call Debra Spencer
Got answering machine left
message

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com℠

Santa Ana, CA 92705

| | |
|---|---|
| Postage | $2.85 |
| Certified Fee | $0.00 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $1.20 |

08/24/2020

Sent To
Allied Universal-Leave of Absence Dept
Street, Apt. No.; or PO Box No.
1551 N. Tustin Ave Suite 650
City, State, ZIP+4
Santa Ana, CA 92705

PS Form 3800, August 2008          See Reverse for Instructions

7008 0500 0000 0517 3804

---



TIMES PLAZA
539 ATLANTIC AVE
BROOKLYN, NY 11217-9996
(800)275-8777

05/24/2020                                01:25 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Large Envelope | 1 | | $1.20 |
| Santa Ana, CA  92705 | | | |
| Weight:0 Lb 1.40 Oz | | | |
| Estimated Delivery Date | | | |
| Friday 08/28/2020 | | | $3.55 |
| Certified | | | |
| USPS Certified Mail # | | | |
| 70080500000005173804 | | | $2.85 |
| Return Receipt | | | |
| USPS Return Receipt # | | | |
| 9590940258580038012060 | | | $7.60 |
| Total | | | $0.55 |
| | | | |
| First-Class Mail® Letter | 1 | | |
| Norwood, MA  02062 | | | |
| Weight:0 Lb 0.80 Oz | | | |
| Estimated Delivery Date | | | |
| Thursday 08/27/2020 | | | $3.55 |
| Certified | | | |
| USPS Certified Mail # | | | |
| 70081830000456095347 | | | $2.85 |
| Return Receipt | | | |
| USPS Return Receipt # | | | |
| 9590940258580038012077 | | | $6.— |
| Total | | | |

Grand Total:                             $14.55

Cash                                     $—.00
Change                                   ($5.45)

17th August, 2020

Allied Universal,

Leave of Absence Department,

1551 N. Tustin Avenue, Suite 650,

Santa Ana, CA 92705

**RE : Vincent Shider Employment Status**

*Employee Number:* 208484

*Leave of Absence Number:* 1614417

Dear Allied Universal Leave of Absence Department,

I am writing to seek clarification of my current employment status with Allied Universal Security Services. Regrettably, such has been necessitated by the numerous seemingly conflicting communications which I have received on this subject to date.

I was under the impression I was on an authorized leave and in receipt of Short-Term Disability/Medical Disability as a reasonable accommodation for a temporary disability in the form of prostate cancer. This understanding was predicated on the express authorization of said leave and because a current employee experiencing a temporary disability is protected by NY Human Rights Law where the individual will be able to satisfactorily perform the duties of the job after a reasonable accommodation in the form of a reasonable time for treatment and recovery. I was previously offered Medical Disability as a reasonable accommodation for six months during 2019, concluding October, 2019 and it was made available as an option to you again in 2020 for the exact same medical condition. In accepting this option, I accordingly tendered a letter from Dr. Aaron Mitchell M.D. certifying this need for medical leave due to prostate cancer, dated 4/28/2020.

I received a letter dated 6/30/2020, merely identifying the sender as Allied Universal Security Services with no signature or contact information. Therein, this letter advised me of a cessation of benefits, the application of COBRA and denoted this was due to a separation from work on 6/24 without any specifics or prior communication. I had been authorized for a medical leave of absence and was on short-term disability for this reason as supported by the certified illness letter from Dr Mitchell dated 4/28 and furnished to Allied Universal and had no reason to believe there was any separation.

On 6/30/2020, I received a Voluntary Exit Survey sent by Jim Ramsden, Vice President of Human Resources at Allied International. In a survey, I stated that I had not separated from my employment.

Furthermore, rather confusingly there is the letter dated 7/06/2020 from the Allied Universal Leave of Absence Department with the CHCP form requiring signing and execution by my health care provider. This letter also covers the scenarios of re-certification requirements notification and addresses same should an employee require an extension of their leave of absence. This communication also detailed my eligibility for Medical Leave and ineligibility for FMLA.  As a result of this apparently conflicting correspondence, I understood my leave of absence was still expressly authorized and not a voluntary or unauthorized separation. It appeared to contradict the previous letters implying that I may have been terminated.

However, I then received a letter dated 7/18/2020 from MetLife declaring a change in benefits effective 6/30/2020 and one of the reasons listed was due to a voluntary or involuntary separation from employment and this appeared to be the only potentially applicable reason for such.

To further compound my confusion, I was in receipt of short term disability payments up to 7/27/2020 upon which these payments then ceased also without any warning, explanation or seeming adherence to any other communication which I had received.

Based on the above summary of numerous conflicting communications, none of which actually ended my medical leave or actually terminated my employment, I must seek to clarify my current employment status as it is my understanding that I have been offered and granted a reasonable accommodation due to my temporary disability and accompanying medical proof which I furnished.


Sincerely,



Vincent Shider

<u>VINCENT SHIDER EEOC #520-20-20-05222</u>

<u>VINCENT SHIDER REBUTTAL STATEMENTS TO ALLIED
UNIVERSAL DISPOSITION</u>

<u>EXHIBIT F</u>

5:20



🔒 mail.aol.com



## Re: Your Leave of Absence - Allied Universal Security

 me

To **linda.dean@aus.com**

Jan 11 at 4:35 PM

Ms. Linda Dean,

Vincent Shider, ID #  208484. In response to your email, I will be faxing to you on Tuesday, January 12, 2021, the same documents I faxed to the Disability Dept.,  from my doctor in reference to the Disability.  I had also sent this information to the Disability Department indicating when I can return to work. These Papers were sent to that Department on 9/16/2020.

show original message

            

Delete   Move to   Forward   Reply   More

         



Memorial Sloan Kettering
Cancer Center.

Aaron Mitchell, MD
Department of Medicine, Genitourinary Oncology Service
Memorial Sloan Kettering Cancer Center New York

4/28//2020

Re: Shider, Vincent·DOB: 5/1/1955

To whom it may concern,

Mr. Vincent Shider is currently under my care and receiving treatment for prostate cancer. Due to treatments he is currently immunosuppressed and at increased risk for infection. For this reason he should not currently be working during the COVID-19 pandemic.

Please feel free to contact my office at 646-888-4595 for further information or to help answer any questions.

Thank You,

Aaron Mitchell, M.D.

The Sidney Kimmel Center for Prostate and Urologic Cancers
Memorial Sloan-Kettering Cancer Center
353 East 68th Street, New York, NY 10065
Tel: 646-888-4595   Fax: 646-227-2417

From:                                             09/16/2020 11:51      #565 P.003

3 of 6

## RETURN TO WORK RELEASE FORM: Allied Universal Services

**TO BE COMPLETED BY THE EMPLOYEE**

Name: Vincent Shider          EID #: 208484          Shift: 10:30A.M.  7:00 P.m  Location: 2865 W 8 St

Cell Phone: 718-506-6085   Home Phone: 718-875-6977   Supervisor: Ms. Tracey McCoy

I understand that if my release includes workplace restrictions related to my medical condition, it must reach the Leave of Absence (LOA) Department prior to my return to work date. I understand that my return to work date may be relayed so that my branch can evaluate any identified restrictions. If restrictions are substantially limiting, are expected to continue longer than 3 months or are considered permanent, your return release will be reviewed under the ADAAA (Americans with Disabilities Act as amended).

_Vincent Shider_                    March 25, 2020                  Sept. 18 2020 'Si
Employee Signature                  Last Day Worked                 Date

**TO BE COMPLETED BY THE HEALTHCARE PROVIDER**

**(1) This condition is:** ☒ Not work related.  ☐ Work related.

**(2) Employee may:**
___ Return to work on _____ (date) without restrictions.
✓ Return to work on 11/20/20 (date) with restrictions as indicated below through 11/20/2021 (date).
___ Unable to return to work from _____ (date) to _____ (date) due to incapacity or restrictions.
___ Restrictions listed below are **PERMANENT**.

**(3) Employee may work full-time hours?** ☐ YES  ☐ NO

If NO:  Maximum hours/workday: _____ Maximum hours/week: _____ *Employee may be eligible for FMLA.*

**(4) WORK RESTRICTIONS**
Employee may perform activity:

| | NONE 0% of workday | OCCASIONALLY 1-33% of workday | FREQUENTLY 34-64% of workday | CONSTANTLY 65-100% of workday |
|---|---|---|---|---|
| Lifting maximum _____ pounds | | | | |
| Pushing / pulling maximum _____ pounds | | | | |
| Reaching above shoulder R / L (circle) | | | | |
| Grasping / squeezing | | | | |
| Keyboarding | | | | |
| Repetitive hand / wrist motion R / L (circle) | | | | |
| Sitting | | | | |
| Standing / Walking | | | ✓ | |
| Squatting / kneeling | | | | |
| Repetitive bending / stooping | | | | |
| Climbing stairs / ladders (circle) | | | | |

Other restrictions (if any): Pt may be unable to perform work dutres due to fatigue, Pt may require frequent bathroom visits

| Must use crutches or splint or other ☐ YES ☒ NO Specify other: | Able to drive vehicle for work purposes, if applicable ☒ YES ☐ NO ☐ N/A |
|---|---|
| Able to work with others: ☒ YES ☐ NO No exposure to: | Able to give supervision, if applicable: ☒ YES ☐ NO ☐ N/A Comments: |

Doctor Signature: _J Voog_                    Doctor Phone: 212-639-3836

Doctor Name: Dr. Justin Voog                  Doctor Fax: 929-321-7153

Today's Date: 9/18/2020

General Information: This form helps gather return to work information and minimize release of medical information when returning from a LOA or use of Sick Leave for an employee's own medical condition. If an alternate release form is used, please do not include diagnosis or treatment information. This form is submitted by the employee to the LOA department. For more information about workplace accommodations under the ADAAA, contact the LOA Department at (714) 371-1092, fax (714) 371-1001 or email LOAvous.com.

GINA Safe Harbor Statement:  The Genetic Information Nondiscrimination Act (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of employees or their family members. In order to comply with the law, we are asking that you not provide any genetic information when responding to this request. 'Genetic information,' as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family ember receiving assistive reproductive services.

Revised: 04/2019

# VINCENT SHIDER EEOC #520-20-20-05222

# VINCENT SHIDER REBUTTAL STATEMENTS TO ALLIED UNIVERSAL DISPOSITION

# EXHIBIT G



**Quicken Loans** · Ad
**Recalculate a house payment with experts**
Online or over the phone, Quicken loans is here t...

## Vincent Shider ID# 208484

 me
To joanne.pham@aus.com
May 30 at 6:32 PM

Hello Ms. Pham,

I am responding to your letter dated May 25, 2021
that I received Saturday, May 29, 2021. My response
to your letter is due to the circumstances and the
conditions I was subjected to I would feel very
uncomfortable.

                                         

Delete        Move to       Forward        Reply         More

**See Your New House Payment wit...**            Learn More
Why Americans Are Refinancing Wit...

**1:19**

 

 **mail.aol.com**



## Fwd: Vincent Shider ID# 208484

**me**
To joanne.pham@aus.com
Jun 2 at 2:56 PM

Hello Ms. Pham,

In response to your email dated June 1, 2021. No, I will not be
returning to work. Please refer to my EEOC New York District
Office Document sent to Allied Universal from Investigator Lockett.
It explains the conditions/circumstances that I was subjected to
along with my demands for compensation

Please forward me the person name and address as to where I
can return the Uniform.

Vincent Shider
ID208484

> Show original message

    

Delete   Move To   Forward   Reply   More

    

# VINCENT SHIDER EEOC #520-20-20-05222

# VINCENT SHIDER REBUTTAL STATEMENTS TO ALLIED UNIVERSAL DISPOSITION

## EXHIBIT H



**Quicken Loans** · Ad
**Recalculate a house payment with experts**
Online or over the phone, Quicken loans is here t...

## Employee ID 208484



**me**
To Deborah Spencer
May 26 at 3:56 PM

Hello Mrs. Spencer

I am responding to your asked question on May 25, 2021 at 4:23 PM. You asked "if I was willing to return back to work?". My response to that is due to the circumstances and conditions I was subjected to, I would feel very uncomfortable.

      

Delete      Move to      Forward      Reply      More

## VINCENT SHIDER EEOC #520-20-20-05222

## VINCENT SHIDER REBUTTAL STATEMENTS TO ALLIED UNIVERSAL DISPOSITION

## EXHIBIT I

**From:** Spencer, Deborah
**Sent:** Monday, July 6, 2020 9:26 AM
**To:** Pham, Joanne <joanne.pham@aus.com>; Boyer, Erin <Erin.Boyer@aus.com>; Maguire, Vivian <Vivian.Maguire@aus.com>
**Cc:** Johnson, Darryl <Darryl.Johnson@aus.com>
**Subject:** Vincent Shider # 208484

Tha above employee was inadvertently deactivated on 06/24  , The manager didnt realize that a LOA request had already been generated for him  LOA 2020-0508-0258 . Can we please remove the term line and place the employee on   Medical Leave ?  Thank you

Deborah Spencer
Regional HR Manager - Northeast Region

Allied Universal
33-10 Queens Blvd|Ste 300| Long Island City, NY |11101
W: 347-418-3800 x16807| C: 929-206 -7063
deborah.spencer@aus.com

www.AUS.com

**From:** Pham, Joanne <joanne.pham@aus.com>

**Sent:** Monday, July 6, 2020 6:13 PM

**To:** Spencer, Deborah <Deborah.Spencer@aus.com>; Boyer, Erin <Erin.Boyer@aus.com>

**Cc:** Johnson, Darryl <Darryl.Johnson@aus.com>; AUS Leave of Absence <loa@aus.com>

**Subject:** RE: Vincent Shider # 208484

Hello,

I had viewed the request. A request to have the inactive line removed has been submitted. The leave has been processed with the effective start date of 03/27/2020 and the projected return to work date of 06/08/2020, which has passed. If he has returned or extended his leave please let us know. If he has provided you with any documentation, please provide. If not, attached is a copy of his packet, which you can provide. Also his packet will be mailed out to him.

If there are any further questions or changes regarding his leave, please let us know.

Thank you,

Joanne Pham

Leave of Absence Specialist

Allied Universal

1551 N. Tustin Ave. | Suite 650 | Santa Ana, CA 92705

Hotline: 714.371.1092 | Fax: (714) 371-1091 | loa@aus.com

www.aus.com